UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ORELVE GARCIA PEREZ,

    Plaintiff,

v.                                      Case No:   8:17-cv-2812-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Orelve Garcia Perez, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff protectively filed applications for a period of disability, DIB, and SSI, on May 22, 2014, alleging disability beginning November 30, 2013. (Tr.400-16). Plaintiff's applications were denied initially on October 9, 2014, and upon reconsideration on December 17, 2014. (Tr. 280-84, 287-91). Plaintiff requested a hearing and, on December 8, 2016, an administrative hearing was held before Administrative Law Judge Carl C. McGhee ("the ALJ"). (Tr. 212-24). On March 22, 2017, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 182-92). Plaintiff filed a request for review which the Appeals Council denied on October 24, 2017. (Tr. 1-9). Plaintiff initiated this action by filing a Complaint (Doc. 1) on November 20, 2017.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2013, the alleged onset date. (Tr. 184). At step two, the ALJ found that Plaintiff had the following severe impairments: vertigo, small vessel disease, cerebral ischemia, generalized idiopathic epilepsy and epileptic syndromes, mild degenerative disc disease, mild global atrophy and a history of cerebrovascular accident. (Tr. 184). At step three, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 186).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk for 6 hours in an 8-hour day and sit for 5 hours in an 8-hour day, but requires a sit/stand option with an alternating interval of 3 hours. He can perform frequent pushing and/or pulling with the upper extremities, climbing of ramps and stairs, stooping, kneeling, crouching, crawling, reaching from the waist to chest with both arms, handling with both hands, fingering with both hands, and feeling. The claimant can perform occasional balancing and reaching above shoulder level with both arms. He must avoid climbing ladders and scaffolds and can perform occasional work around extreme cold, extreme heat, wetness and humidity, vibration, pulmonary irritants, and moving mechanical parts. The claimant must avoid working around high, exposed places and is unable to communicate in English.

(Tr. 186). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as an auto mechanic, construction equipment manager, and van driver. (Tr. 190).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 190). Specifically, the ALJ found that Plaintiff could perform such jobs as assembler, production inspector, and machine worker. (Tr. 191). The ALJ concluded that Plaintiff had not been under a disability from November 30, 2013, the alleged onset date, to March 22, 2017, the date of the decision. (Tr. 191-92).

## II. Analysis

Plaintiff presents two arguments on appeal: (1) whether the ALJ erred by failing to properly evaluate Dr. Lebowitz's opinion; and (2) whether the ALJ erred by failing to comply with Social Security Ruling 00-4p. The Court will address each issue in turn.

**a) Whether the ALJ erred by failing to properly evaluate Dr. Lebowitz's opinion.**

The record shows that consultative examiner Charles Lebowitz, M.D., completed a "Medical Sources Statement of Ability to Do Work-Related Activities (Physical)" on Plaintiff's behalf on November 22, 2016. In relevant part, Dr. Lebowitz opined that Plaintiff could sit for 5 hours at one time without interruption, stand for 5 hours at one time without interruption, and walk for 3 hours at one time without interruption. (Tr. 710). Dr. Lebowitz further opined that Plaintiff could sit for a total of 5 hours in an 8-hour workday, stand for 4 hours in an 8-hour workday, and walk for 3 hours in an 8-hour workday. (Tr. 710).

In his decision, the ALJ explained the weight he accorded Dr. Lebowitz's opinion as follows:

> Specifically, on November 22, 2016, Dr. Lebowitz, the disability examiner, found the claimant could lift and carry up to twenty pounds occasionally and ten pounds frequently. The claimant could sit five hours per 8-hour workday, stand four hours per workday and walk three hours per workday. He could frequently push/pull, reach, handle, finger, feel and operate foot controls. The claimant could frequently climb, balance, stoop, kneel, crouch and crawl. However, he could never work at unprotected heights or with the operation of a motor vehicle, and he could occasionally work with moving mechanical parts, humidity and wetness, pulmonary irritants, temperature extremes, and vibrations (Exhibit 13F). The undersigned finds this opinion to be essentially consistent with the objective medical evidence of record, including the claimant's generally unremarkable imaging scan findings, and Dr. Lebowitz' own objective findings on exam, and gives it great weight.

(Tr. 189).

Plaintiff argues that the ALJ misinterpreted the opinion of consultative examiner Charles Lebowitz, M.D. (Doc. 24 p. 6). Specifically, Plaintiff argues that "[o]bviously, it is impossible to sit/stand/walk 12 hours in an eight hour workday" and that "any reasonable person would conclude that Dr. Lebowitz was limiting the total number of hours the claimant could be on his feet to four hours, of which three could be walking, but all four could be standing." (Doc. 24 p. 6). Plaintiff

contends that the ALJ failed to give Dr. Lebowitz's opinion its logical meaning and the case should be remanded for the ALJ to re-contact Dr. Lebowitz to have him clarify his opinion. (Doc. 24 p. 6). In response, Defendant argues that the ALJ correctly interpreted Dr. Lebowitz's opinion and substantial evidence supports the ALJ's decision to accord the opinion great weight. (Doc. 26 p. 6-10).

Upon review of Dr. Lebowitz's opinion and the ALJ's analysis, the Court finds that the ALJ did not unreasonably interpret Dr. Lebowitz's opinion, but accorded the opinion its plain meaning. As Defendant notes, a completely reasonable reading of Dr. Lebowitz's opinion indicates that Plaintiff was capable of performing a job that required him to sit for up to five hours each day, stand for up to four hours each day, or walk for up to three hours each day, in any arrangement of activity and length—falling within these maximum amounts—that might fill an eight-hour day. (Tr. 710). For this reason, the Court finds that Plaintiff's argument has no merit.

**b) Whether the ALJ erred by failing to comply with Social Security Ruling 00-4p.**

Plaintiff argues that the ALJ erred by failing to resolve conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT") as required by Social Security Ruling ("SSR") 00-4p. (Doc. 24 p. 7). Specifically, Plaintiff argues that there was an apparent conflict between the VE's testimony that the job filter assembler has a specific vocational performance ("SVP") of 2 and the DOT which provides that the SVP is 3. In addition, Plaintiff argues that the VE's testimony that Plaintiff, despite being incapable of communicating in English, could perform the work of final inspector conflicts with the DOT which provides the job has a language level of two. (Doc. 24 p. 7). In response, Plaintiff argues that there were no apparent conflicts between the VE's testimony and the DOT and, thus, the ALJ did not err in relying on the testimony. (Doc. 26 p. 12-15).

SSR 00-4p provides that an administrative law judge has an affirmative duty to ask the VE if the evidence he provided "conflicts with the information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4. If the VE's testimony "appears to conflict with the DOT," the ALJ "will obtain a reasonable explanation for the apparent conflict." *Id.*

In the past, the Eleventh Circuit held that an ALJ complies with SSR 00-4p when (1) the ALJ asks the VE if there were any inconsistencies between his or her testimony and the DOT and (2) the VE testifies there were no inconsistencies. *See Leigh v. Comm'r of Soc. Sec.*, 496 F. App'x 973, 975 (11th Cir. 2012); *Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 938-39 (11th Cir. 2011).

However, in the recent published opinion *Lindell Washington v. Commissioner of Social Security*, the Eleventh Circuit held that "SSR 00-4p is properly understood to impose an affirmative duty on the ALJs to identify apparent conflicts, ask the VE about them, and explain how the conflict was resolved in the ALJ's final decision." No. 17-13649, 2018 WL 5318147, at *10 (11th Cir. Oct. 29, 2018). Merely asking the VE if there is a conflict between his or her testimony and the DOT does not fulfill the ALJ's affirmative obligation to undertake a meaningful effort to uncover apparent conflicts. *Id.* at *8. A conflict is "apparent" if it should be apparent to an ALJ who has ready access to and a close familiarity with the DOT. *Id.* at 10.

In this case, the VE testified that the job "filter assembler" (DOT # 739.687-018) had an SVP of 2. (Tr. 221). According to the DOT, this job has an SVP of 3. *See* (Doc. 24-1 p. 1). Applying the standard set forth in *Washington*, the Court finds that this conflict was apparent and the ALJ erred by failing to identify it, ask the VE about it, and explain how the conflict was resolved in the final decision.

As to the job "production assembler" (DOT # 727.68-054), the Court rejects Plaintiff's argument that the VE's testimony is inconsistent with the DOT because the DOT provides that production assembler requires a language level of 2 and Plaintiff is unable to communicate in English. The Eleventh Circuit has found that a language level of 2 is not inconsistent with a claimant's inability to speak English. *Rivera-Cruzada v. Comm'r of Soc. Sec.*, No. 17-14436, 2018 WL 3414031, at *2 (11th Cir. July 13, 2018) (noting that a DOT listing for a language level 2 job does not specifically require that a claimant's language be English).

As to the third job identified by the VE, "machine worker" (DOT # 673.686-014), Plaintiff presents no argument that it is inconsistent with the DOT. Instead, Plaintiff argues that "given the inconsistency with the two other jobs, it is not obvious the Administrative Law Judge would have accepted the vocational expert's testimony regarding the number of jobs and that those jobs existed in significant numbers." (Doc. 24 p. 7). The Court rejects this conclusory, vague argument. Although the ALJ erred by failing to properly resolve an apparent conflict concerning the job filter assembler, it does not follow that the ALJ's reliance on the rest of the VE's testimony was erroneous, especially given Plaintiff's failure to show that there is any apparent conflict with the remaining testimony.

In *Washington*, every job identified by the VE was in apparent conflict with the DOT. In this case, only one of the three jobs identified by the VE was in apparent conflict with the DOT. The jobs that did not apparently conflict with the DOT totaled over 200,000 in the national economy. For this reason, the Court finds that the ALJ's error in failing to identify the apparent conflict between the VE's testimony and the DOT is harmless.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to

enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties